■ DARNET REALTY ASSOCIATES, LLC, as Successor in Interest to DARNET REALTY ASSOCIATES, et al., Appellants, v 136 EAST 56TH STREET OWNERS, INC., et al., Respondents. [668 NYS2d 156] —Order, Supreme Court, New York County (Eileen Bransten, J.), entered March 13, 1997, which, insofar as appealed from, denied plaintiff shareholder/tenant's motion for summary judgment, unanimously modified, on the law, to grant plaintiff partial summary judgment on the 11th cause of action of the amended complaint to the extent of finding that defendant cooperative corporation/landlord does not have any lien or other valid claim for any rent or additional rent claimed to be due under the commercial master lease against the shares of stock owned by plaintiff and allocated to unsold residential units, and otherwise affirmed, without costs.

The language of the commercial master lease is unambiguous in stating that "Landlord shall look solely to Tenant's interest in the leasehold estate for the satisfaction of the remedies of Landlord in the event of a breach by tenant of any of the covenants or conditions of this Lease." Defendants, therefore, have no recourse against plaintiff's interest in the shares of the cooperative corporation allocable to the unsold residential units. The cooperative's by-law provision on which defendants

rely expressly addresses only shareholder indebtedness and breaches arising out of and in connection with shares of stock issued in conjunction with proprietary leases, and, to the extent it refers to "all other indebtedness from such shareholder to the corporation", we reject a construction that would wholly negate the unambiguous language and clear intention of the commercial master lease (*see, Matter of Wallace v 600 Partners Co.*, 86 NY2d 543, 548; *Tantleff v Truscelli*, 110 AD2d 240, 245-246, *affd* 69 NY2d 769). Summary judgment on plaintiff's tortious interference claim was properly denied, there being issues of fact as to whether, in view of section 1 of article VI of the by-laws, plaintiff's attempted bulk transfer of the shares allocable to the residential apartments was a valid contract, and also whether defendants had knowledge of the intended sale and whether their filing of the lien was justified (*see, Daniel Goldreyer, Ltd. v Van de Wetering*, 217 AD2d 434, 437-438). We have considered plaintiff's other arguments and find them to be without merit. Concur—Milonas, J. P., Mazzarelli, Andrias and Colabella, JJ.